Steven J. Barkin, Esq. (SBN: 91575)
LAW OFFICES OF GENE W. CHOE, A.P.C.
3699 Wilshire Boulevard
Suite 720
Los Angeles, CA 90012-2726
Telephone: (213) 639-3888•Fax: (213) 383-8280

Attorneys for plaintiff CHANG HEUM LEE

**NOTICE OF NONCOMPLIANCE**
See L.R. 5-133(a) & (d)(3)
Filed in Paper on

**SEP 1 3 2007**

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG HEUM LEE; SIGMUN LEE (DECEASED)<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN; SEAN PRATT; JASON NELSON; DONNY YOUNGBLOOD; AND DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.: 1: · 0 7 CV 0 1 3 3 7 LJO SMS<br><br>COMPLAINT<br>and Jury Demand<br><br>1. Violations of Civil Rights (42 U.S.C. § 1983)<br>2. Violations of Civil Rights (42 U.S.C. § 1983)<br>3. Wrongful Death |

### FIRST CAUSE OF ACTION

**Violations of Civil Rights (42 U.S.C. § 1983)**

COMES NOW plaintiffs CHANG HEUM LEE and SIGMUN LEE (DECEASED), and for a first cause of action against defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them allege as follows:

1. Plaintiffs are and were at all relevant times mentioned herein citizens of the State of California and the father and heir of Sigmun Lee, deceased.

2. Plaintiff Chang Heum Lee was at all times herein mentioned the father and heir of Sigmun Lee (deceased).

- 1 -
COMPLAINT

3. Plaintiffs are unaware of the true names and capacities of the fictitiously named defendants, DOES 1 through 25, or to the extent such names are known, are unaware whether a cause of action exists against them, but will pray leave to amend this complaint to set forth the names when ascertained.

4. Defendants Sean Pratt, Jason Fellows and DOES 1 to 25 are and were at all relevant times mentioned herein citizens of the State of California and employed as deputy sheriffs by defendant County of Kern. Defendant Donny Youngblood is and was at times herein mentioned the sheriff of defendant County of Kern.

5. That at all times herein mentioned, the defendants, and each of them, including all DOES, were the agents, employees, employers of each of their co-defendants herein named, and in doing the things hereinafter alleged were acting within the course and scope and authority of their employment and/or agency.

6. Defendant County of Kern is and was at all times mentioned herein a public entity within the State of California.

7. This action is brought for damages and other appropriate relief under 42 U.S.C.A. §1983 for violation of the plaintiff's federal civil rights by the Defendants, whose actions were taken under color of state law.

8. On or about December 24, 2006 at 8223 East Brundage Lane, Bakersfield, California Sigmun Lee suspected by defendants Sean Pratt and Jason Fellows and DOES 1 to 25, and each of them of committing a crime. defendants Sean Pratt and Jason Fellows in attempting to subdue and arrest Sigmun Lee used deadly force which was clearly excessive in light of the circumstances existing at said time. Defendants Sean Pratt and Jason Fellows and DOES 1 to 25, and each of them, used excessive deadly force with the intent to inflict unnecessary harm and/or death upon Sigmun Lee and such use of force caused mortal injuries to Sigmun Lee.

9. Plaintiff alleges that the use of excessive deadly force by defendants Sean Pratt, John Fellows and DOES 1 to 25, and each of them, was in violation of Sigmun Lee's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law; and further the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, as described herein was conducted and made under color of the authority of law as deputy sheriffs for the County of Kern.

10. Plaintiff alleges that in committing the acts complained of in paragraphs 5 and 6 above, defendants Sean Pratt and Jason Fellows acted with a reckless and callous disregard for the constitutional rights of plaintiff and the deceased Sigmun Lee, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

11. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, plaintiff Sigmun Lee (deceased) was deprived of his constitutionally protected liberty interest of life.

12. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, plaintiff Chang Heum Lee has been deprived of his constitutionally protected liberty interest in the companionship and society of his son Sigmun Lee.

13. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, and each of them plaintiff Chang Heum Lee has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

14. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, and each of them plaintiff Chang Heum Lee incurred funeral and burial expenses relating to the death of Sigmun Lee.

15. That the aggregate of the damages sustained by plaintiff as a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, is in the amount of $1,000,000.00.

16. Plaintiffs are entitled to reasonable attorney's fees pursuant to 42 U.S.C.A. §1988

## SECOND CAUSE OF ACTION

### Violations of Civil Rights (42 U.S.C. § 1983)

COMES NOW plaintiff CHANG HEUM LEE, and for a second cause of action against defendants County of Kern, Donny Youngblood and DOES 26 to 50 and each of them alleges as follows:

17. Plaintiffs replead and repeat and incorporate the entire first cause of action as if set forth herein if full.

16. Plaintiffs are unaware of the true names and capacities of the fictitiously named defendants, DOES 26 through 50, inclusive, or to the extent such names are known, are unaware whether a cause of action exists against them, but will pray leave to amend this complaint to set forth the names when ascertained.

17. That at all relevant times herein mentioned defendant Donny Youngblood was and is the Sheriff of the County of Kern.

18. That at all relevant times mentioned herein it was the policy, practice and custom of the defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them to negligently hire and retain its deputy sheriffs, and to negligently train, supervise and discipline sheriff deputies employed by the defendants County of Kern and DOES 26 through 50 with

respect to interfacing with citizens and with respect to the reasonable and proper use of force, including deadly force.

19. Plaintiffs allege that in committing the acts complained of in paragraph 18 above, defendant County of Kern, Donny Youngblood and DOES 26 through 50 acted with a reckless and callous disregard for the constitutional rights of plaintiffs, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

20. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them, plaintiff Sigmun Lee (deceased) was deprived of his constitutionally protected liberty interest in life.

21. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them, plaintiff Chang Heum Lee has been deprived of his constitutionally protected liberty interest in the companionship and society of his son Sigmun Lee.

22. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 1 through 50, and each of them plaintiff Chang Heum Lee has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

23. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 1 through 50, and each of them plaintiff Chang Heum Lee incurred funeral and burial expenses relating to the death of Sigmun Lee.

24. That the aggregate of the damages sustained by plaintiffs as a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 to 50, and each of them, is in the amount of $1,000,000.00.

25. Plaintiffs are entitled to reasonable attorney's fees pursuant to 42 U.S.C.A. §1988

THIRD CAUSE OF ACTION

**Wrongful Death**

COMES NOW plaintiff CHANG HEUM LEE, and for a third cause of action against defendant, County of Kern, Donny Youngblood, Sean Pratt, Jason Fellows and DOES 1 to 50 and each of them alleges as follows:

26. Plaintiff repleads and repeats and incorporates the entire first and second causes of action as if set forth herein if full.

27. That at all times herein mentioned, the defendants, and each of them, including all DOES, were the agents, employees, employers of each of their co-defendants herein named, and in doing the things hereinafter alleged were acting within the course and scope and authority of their employment and/or agency.

28. That on or about On or about December 24, 2006 at 8223 East Brundage Lane, Bakersfield, California Sigmun Lee suspected by defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them in negligently and carelessly attempted to subdue and arrest Sigmun Lee and negligently and carelessly used deadly force which was clearly excessive in light of the circumstances existing at said time legally and proximately causing mortal injuries to Sigmun Lee.

29. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff has been deprived of companionship and society of his son Sigmun Lee.

30. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them plaintiff has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff

during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

31. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff incurred funeral and burial expenses relating to the death of Sigmun Lee.

32. That the aggregate of the damages sustained by plaintiff as a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, is in the amount of $1,000,000.00.

33. That prior to the filing of this lawsuit plaintiff Chang Heum Lee complied with *California Government Code* §910 et seq. by submitting a claim for damages upon defendants. Said claim was denied by operation of law.

## JURY DEMAND

Plaintiffs demand that the herein action be tried by a jury.

///

WHEREFORE, plaintiffs pray for damages against defendants and each of them as follows:

1. Damages in the amount of $1,000,000.00;

2. Reasonable attorney's fees pursuant to 42 U.S.C.A. §1988;

3. Costs of suit incurred herein; and

4. For such other relief as the court deems just and proper.

Dated: August 24, 2007

LAW OFFICES OF GENE W. CHOE, A.P.C.

By: _____
STEVEN J. BARKIN, attorneys for plaintiffs