1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHANG HEUM LEE and ,                        CASE NO. CV-F-07-1337 LJO SMS
     SIGMUN LEE (DECEASED)
12                      Plaintiffs,             **ORDER ON DEFENDANTS' MOTION TO**
                                                **DISMISS**
13         vs.

14   COUNTY OF KERN, SEAN PRATT,
     JASON NELSON, DONNY YOUNGBLOOD,
15   et al,

16                     Defendants.
     _____/
17

18                               **I. INTRODUCTION**

19         Defendants County of Kern ("County"), Sheriff Donny Youngblood ("Sheriff") , Deputy Sean

20   Pratt ("Deputy Pratt"), and Deputy Jason Nelson ("Deputy Nelson") (collectively "Defendants") move

21   to dismiss this 42 U.S.C. §1983 ("Section 1983") and wrongful death action on the basis that the Court

22   has no jurisdiction over Plaintiff Sigmun Lee ("decedent"), Plaintiff Chang Heum Lee ("Mr. Lee")

23   (collectively, "plaintiffs") lacks standing to prosecute this suit, and Mr. Lee has failed to join

24   indispensable parties.  This motion is unopposed.  For the reasons outlined below, this Court grants

25   Defendants' motion to dismiss with leave to amend and directions.

26                               **II. BACKGROUND**

27         On December 24, 2006, Deputy Pratt and Deputy Nelson used deadly force while attempting to

28   subdue and arrest decedent.  A non-compliant complaint was filed on September 13, 2007, which named

                                          1

decedent and Mr. Lee, decedent's father, as plaintiffs.[1]   In the complaint, plaintiffs allege three causes of action:

1.     A violation of plaintiffs Fourth and Fourth Amendments, pursuant to Section 1983, against Deputy Pratt, Deputy Nelson, and the County;

2.     A violation of Mr. Lee's "constitutional rights," pursuant to Section 1983, against the Sheriff and the County; and

3.     A wrongful death action brought by Mr. Lee  against all defendants.

Defendants filed a motion to dismiss on October 16, 2007.  Plaintiffs did not oppose the motion and therefore are not entitled to be heard at oral argument pursuant to Local Rule 78-230(c). Accordingly, this Court vacates the November 8, 2007 hearing pursuant to Local Rule 78-230(h) and issues the following order.

### III. ANALYSIS

**A.   Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976).   In civil rights cases, the Court applies the basic "notice pleading" standards under Fed. R. Civ. P. 8(a)(2). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1162 (1993) (prohibiting district court from applying heightened pleading standard in civil rights cases alleging municipal liability under § 1983).

**B.   Decedent as Plaintiff**

The first cause of action is partially based on alleged violations of decedent's Fourth and Fourteenth Amendment rights.  Decedent is named as a plaintiff in this cause of action only.  Defendants

---

[1] The complaint was filed in violation of this Court's Local Rule 5-133(a).  Specifically, counsel for plaintiffs filed the complaint in paper form rather than electronically.  This Court may issue an Order to Show Cause, or otherwise sanction an attorney for his/her disregard for the requirement to utilize electronic filing.  See Local Rules 5-133(d)(3) and 11-110. Plaintiffs' counsel is admonished to comply with this Court's local rules.

1   argue that because decedent is not described as a person who can sue pursuant to Cal. Civ. P. Code
2   §377.60, this Court does not have jurisdiction over decedent.

3         The rights protected by the Fourth and Fourteenth Amendments are personal rights. *Shelley v.*
4   *Kraemer*, 334 U.S. 1, 22 (1948) (The rights created by the due process clause of the Fourteenth
5   Amendment are "by its terms, guaranteed to the individual. The rights established are personal rights.");
6   *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights
7   which...may not be vicariously asserted.") "[T]he general rule is that only the person whose Fourth
8   Amendment rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro.*
9   *Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

10        In a Section 1983 action, causes of action for violations of personal civil rights may be brought
11   by decedent's personal representative or successor in interest, pursuant to Cal. Civ. P. Code § § 377.60
12   and 377.30, as discussed more fully below. Thus, the proper party to bring this action is either
13   decedent's personal representative or his successor in interest, not decedent. Accordingly, Defendants'
14   motion to dismiss decedent as a plaintiff is granted.

15   **C. Mr. Lee's claims**

16        Defendants contend that Mr. Lee lacks standing to sue for violations of Section 1983, as he is
17   not the decedent's successor-in-interest, defined as the beneficiary of decedent's estate. Cal. Civ. P. Code
18   § 377.11. In order to maintain claims under § 1983, a plaintiff must have standing as a representative
19   or successor in interest under the California state survival statute *See Moreland v. Las Vegas Metro.*
20   *Police Dep't,* 159 F.3d 365, 369 (stating that in a Section 1983 action, the party bringing a survival
21   action must show that the particular state's law allows a survival action and that plaintiff meets those
22   requirements); Cal. Code Civ. Pro.§ 377.60. To establish standing, a person seeking to file an action
23   as a decedent's successor in interest must file an affidavit to that effect. Cal. Civ. P. Code. § 377.32. *See*
24   *also, Northwest Envtl Defense Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997)
25   (plaintiff has burden to establish standing in a civil rights survivor suit).

26        Mr. Lee has failed to prove that he has standing to assert the Section 1983 claims as a survivor.
27   In the complaint , Mr. Lee does not address whether decedent died intestate or had issue at the time of
28   his death. It is unclear from the pleading whether Mr. Lee, as decedent's father, is decedent's successor

in interest.  Furthermore, Mr. Lee has not filed an affidavit, as required by Cal. Civ. P. Code § 377.32.  Therefore, Mr. Lee lacks standing to bring claims under § 1983.  Accordingly, the Court grants defendants' motion to dismiss Mr. Lee's claims, on the ground that he lacks standing.

**D.      Leave to Amend**

Defendants request this Court to dismiss this action with leave to amend.  Defendants further request this Court to direct complainants to exclude decedent as a plaintiff, include a proper allegation of standing for Mr. Lee and properly include and identify all pretermitted heirs.  This Court may grant leave to amend, even if not requested.  Defendants motion is granted in full and plaintiffs are directed accordingly.

## IV. CONCLUSION

For the foregoing reasons, this Court orders:

1.      Defendants' motion to dismiss the complaint is GRANTED with LEAVE TO AMEND;

2.      Plaintiffs are directed not to include decedent as plaintiff;

3.      Plaintiffs are further directed to allege proper standing for Mr. Lee, including an affidavit required by California law herein described and a statement identifying any pretermitted heirs of decedent;

4.      Plaintiffs shall file an amended complaint no later than November 27, 2007; and

5.      The November 8, 2007 hearing is VACATED.

IT IS SO ORDERED.

**Dated:      November 7, 2007**            **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE