NOTICE OF NONCOMPLIANCE
See L.R. 5-133(a) & (d)(3)
Filed in Paper on

NOV 0 6 2007

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Steven J. Barkin, Esq. (SBN: 91575)
LAW OFFICES OF GENE W. CHOE, A.P.C.
3699 Wilshire Boulevard
Suite 720
Los Angeles, CA 90012-2726
Telephone: (213) 639-3888•Fax: (213) 383-8280

Attorneys for plaintiff CHANG HEUM LEE, individually and as the Successor in Interest to the ESTATE OF SIGMUN LEE (DECEASED)

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG HEUM LEE, individually and as the Successor in Interest to the ESTATE OF SIGMUN LEE (DECEASED)<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN; SEAN PRATT; JASON NELSON; DONNY YOUNGBLOOD; AND DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.: 1:07-CV-01337-LJO-TAG<br><br>**FIRST AMENDED COMPLAINT and JURY DEMAND**<br><br>1. Violations of Civil Rights (42 U.S.C. § 1983)<br>2. Violations of Civil Rights (42 U.S.C. § 1983)<br>3. Wrongful Death (Negligence)<br>4. Wrongful Death (Intentional) |

## PARTIES

1. Plaintiff CHANG HEUM LEE is the surviving father of decedent SIGMUN LEE, and as such, is the sole successor in interest of the Estate of SIGMUN LEE and the sole person entitled to the property of the decedent, SIGMUN LEE by intestate succession; and therefore, is entitled to bring the causes of action alleged herein pursuant to section 377.030 of the *California Code of Civil Procedure*.

2. Plaintiff is unaware of the true names and capacities of the fictitiously named defendants, DOES 1 through 25, or to the extent such names are known, is unaware whether a

- 1 -
**FIRST AMENDED COMPLAINT and JURY DEMAND**

cause of action exists against them, but will pray leave to amend this complaint to set forth the names when ascertained.

3. Defendant County of Kern is and was at all times mentioned herein a public entity within the State of California.

4. Defendants Sean Pratt, Jason Fellows and DOES 1 to 50 are and were at all relevant times mentioned herein citizens of the State of California and employed as deputy sheriffs by defendant County of Kern. Defendant Donny Youngblood is and was at times herein mentioned the Sheriff of defendant County of Kern.

5. Each of the individual defendants sued herein is sued in his individual and personal capacity, as well as his official capacity

6. That at all times herein mentioned, the defendants, and each of them, including all DOES, were the agents, employees, employers of each of their co-defendants herein named, and in doing the things hereinafter alleged were acting within the course and scope and authority of their employment and/or agency.

7. That prior to the filing of this lawsuit plaintiff Chang Heum Lee complied with *California Government Code* §910 et seq. by submitting a claim for damages to the County of Kern. Said claim was denied.

## VENUE AND JURISDICTION

10. Jurisdiction and venue properly abide with this court for the reasons set forth in ¶¶ 9 and 10 below.

9. This action is brought for damages and other appropriate relief under 42 U.S.C.A. §1983 for violation of the plaintiff's federal civil rights by the Defendants, whose actions were taken under color of state law.

- 2 -
**FIRST AMENDED COMPLAINT and JURY DEMAND**

10. The underlying acts, omissions, injuries and related facts and circumstances upon which the present action is based occurred at 8223 East Brundage Lane, Bakersfield, California within the City of Bakersfield, County of Kern, State of California.

## FIRST CAUSE OF ACTION
### Violations of Civil Rights (42 U.S.C. § 1983)

COMES NOW plaintiff CHANG HEUM LEE, individually and as the Successor in Interest to the ESTATE OF SIGMUN LEE (DECEASED), and for a first cause of action against defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them alleges as follows:

11. On or about December 24, 2006 at 8223 East Brundage Lane, Bakersfield, California Sigmun Lee suspected by defendants Sean Pratt and Jason Fellows and DOES 1 to 25, and each of them of committing a crime. Defendants Sean Pratt and Jason Fellows in attempting to subdue and arrest Sigmun Lee used deadly force which was clearly excessive in light of the circumstances existing at said time. Defendants Sean Pratt and Jason Fellows and DOES 1 to 25, and each of them, used excessive deadly force with the intent to inflict unnecessary harm and/or death upon Sigmun Lee and such use of force caused mortal injuries to Sigmun Lee.

12. Plaintiff alleges that the use of excessive deadly force by defendants Sean Pratt, John Fellows and DOES 1 to 25, and each of them, was in violation of Sigmun Lee's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law; and further the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, as described herein was conducted and made under color of the authority of law as deputy sheriffs for the County of Kern.

**FIRST AMENDED COMPLAINT and JURY DEMAND**

13. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, Sigmun Lee (deceased) was deprived of his constitutionally protected liberty interest of life.

14. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, plaintiff Chang Heum Lee has been deprived of his constitutionally protected liberty interest in the companionship and society of his son Sigmun Lee.

15. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, and each of them plaintiff Chang Heum Lee has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

16. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, and each of them plaintiff Chang Heum Lee incurred funeral and burial expenses relating to the death of Sigmun Lee.

17. That the aggregate of the compensatory damages sustained by plaintiff as a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, is in the amount of $1,000,000.00.

18. Plaintiff alleges that in committing the acts complained of hereinabove, defendants Sean Pratt and Jason Fellows and DOES 1 to 25, and each of them, acted with a reckless and callous disregard for the constitutional rights of plaintiff and the deceased Sigmun Lee, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious so as to entitle plaintiff to an award of punitive damages against defendants Sean Pratt, Jason Fellows and DOES 1 to 25, and each of them, is in the amount according to proof at time of trial.

**FIRST AMENDED COMPLAINT and JURY DEMAND**

19. Plaintiff is entitled to reasonable attorney's fees pursuant to 42 U.S.C.A. §1988

## SECOND CAUSE OF ACTION
**Violations of Civil Rights (42 U.S.C. § 1983)**

COMES NOW plaintiff CHANG HEUM LEE, individually and as the Successor in Interest to the ESTATE OF SIGMUN LEE (DECEASED), and for a second cause of action against defendants County of Kern, Donny Youngblood and DOES 26 to 50 and each of them alleges as follows:

20. Plaintiff repleads and repeats and incorporates the entire first cause of action as if set forth herein if full.

21. That at all relevant times mentioned herein it was the policy, practice and custom of the defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them to negligently hire and retain its deputy sheriffs, and to negligently train, supervise and discipline sheriff deputies employed by the defendants County of Kern and DOES 26 through 50 with respect to interfacing with citizens and with respect to the reasonable and proper use of force, including deadly force.

22. Plaintiff alleges that in committing the acts complained of in paragraph 21 above, defendant Donny Youngblood and DOES 26 through 50 acted with a reckless and callous disregard for the constitutional rights of plaintiffs, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

23. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them, Sigmun Lee (deceased) was deprived of his constitutionally protected liberty interest in life.

24. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 through 50, and each of them, plaintiff Chang Heum Lee has been

- 5 -
**FIRST AMENDED COMPLAINT and JURY DEMAND**

deprived of his constitutionally protected liberty interest in the companionship and society of his son Sigmun Lee.

25. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 1 through 50, and each of them plaintiff Chang Heum Lee has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

26. As a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 1 through 50, and each of them plaintiff Chang Heum Lee incurred funeral and burial expenses relating to the death of Sigmun Lee.

27. That the aggregate of the compensatory damages sustained by plaintiffs as a legal and proximate cause of the conduct of defendants County of Kern, Donny Youngblood and DOES 26 to 50, and each of them, is in the amount of $1,000,000.00.

28. Plaintiff alleges that in committing the acts complained of in paragraph 21 above, defendant County of Kern, Donny Youngblood and DOES 26 through 50 acted with a reckless and callous disregard for the constitutional rights of plaintiff, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious so as to entitle plaintiff to an award of punitive damages against defendants Donny Youngblood and DOES 1 to 25, and each of them, in an amount according to proof at time of trial.

29. Plaintiff is entitled to reasonable attorney's fees pursuant to 42 U.S.C.A. §1988

### THIRD CAUSE OF ACTION
**Wrongful Death (Negligence)**

COMES NOW plaintiff CHANG HEUM LEE, and for a third cause of action against defendant, County of Kern, Donny Youngblood, Sean Pratt, Jason Fellows and DOES 1 to 50 and each of them alleges as follows:

**FIRST AMENDED COMPLAINT and JURY DEMAND**

30. Plaintiff repleads and repeats and incorporates the entire first and second causes of action as if set forth herein if full.

31. That on or about On or about December 24, 2006 at 8223 East Brundage Lane, Bakersfield, California Sigmun Lee suspected by defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them in negligently and carelessly attempted to subdue and arrest Sigmun Lee and negligently and carelessly used deadly force which was clearly excessive in light of the circumstances existing at said time legally and proximately causing mortal injuries to Sigmun Lee.

29. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff has been deprived of companionship and society of his son Sigmun Lee.

30. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them plaintiff has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

31. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff incurred funeral and burial expenses relating to the death of Sigmun Lee.

32. That the aggregate of the compensatory damages sustained by plaintiff as a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, is in the amount of $1,000,000.00.

## FOURTH CAUSE OF ACTION
**Wrongful Death (Intentional)**

**FIRST AMENDED COMPLAINT and JURY DEMAND**

COMES NOW plaintiff CHANG HEUM LEE, and for a third cause of action against defendant, County of Kern, Donny Youngblood, Sean Pratt, Jason Fellows and DOES 1 to 50 and each of them alleges as follows:

33. Plaintiff repleads and repeats and incorporates the entire first and second causes of action as if set forth herein if full.

34. That on or about On or about December 24, 2006 at 8223 East Brundage Lane, Bakersfield, California Sigmun Lee suspected by defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them in attempted to subdue and arrest Sigmun Lee and used deadly force which was clearly excessive in light of the circumstances existing at said time legally and proximately causing mortal injuries to Sigmun Lee.

35. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff has been deprived of companionship and society of his son Sigmun Lee.

36. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them plaintiff has been deprived of the financial support, gifts and benefits that Sigmun Lee would have contributed to the plaintiff during either the life expectancy that Sigmun Lee had before his death or the life expectancy of plaintiff, whichever is shorter.

37. As a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, plaintiff incurred funeral and burial expenses relating to the death of Sigmun Lee.

38. That the aggregate of the compensatory damages sustained by plaintiff as a legal and proximate cause of the conduct of defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 50, and each of them, is in the amount of $1,000,000.00.

**FIRST AMENDED COMPLAINT and JURY DEMAND**

39. Plaintiff alleges that in committing the acts complained of in paragraph 21 above, defendant County of Kern, Donny Youngblood and DOES 26 through 50 acted with a reckless and callous disregard for the constitutional rights of plaintiff, and that such wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious so as to entitle plaintiff to an award of punitive damages against defendants Sean Pratt, Jason Fellows, Donny Youngblood and DOES 1 to 25, and each of them, in an amount according to proof at time of trial.

## JURY DEMAND

Plaintiff demands that the herein action be tried by a jury.

///

WHEREFORE, plaintiff prays for damages against defendants and each of them as follows:

1. Compensatory Damages in the amount of $1,000,000.00;

2. Punitive Damages against defendants Sean Pratt, Jason Fellows, Donny Youngblood according to proof at time of trial;

3. Reasonable attorney's fees pursuant to 42 U.S.C.A. §1988;

4. Costs of suit incurred herein; and

5. For such other relief as the court deems just and proper.

Dated: October 24, 2007

LAW OFFICES OF GENE W. CHOE, A.P.C.

By: _____
STEVEN J. BARKIN, attorneys for plaintiff
CHANG HEUM LEE, individually and as the
Successor in Interest to the ESTATE OF
SIGMUN LEE (DECEASED)

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____
_____ and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____
_____,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                        Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 720, Los Angeles, CA 90010

On, October 24, 2007 I served the foregoing document described as First Amended Complaint

_____ on interested parties _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

B.C. BArmann, Sr., County Counsel
Andrew C. thornton, Deputy County Counsel
County of Kern
1115 Truxton Avenue - Fourth Floor
Bakersfield, CA 93301

☒ BY MAIL

☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 24, 2007, at Los Angeles, California.

**(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

STEVEN J. BARKIN          _____
Type or Print Name                Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Rev. 7/99

VERIFY1