# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG HEUM LEE, individually and as the Successor in Interest to the Estate of SIGMUN LEE (deceased),<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF KERN, et al,<br><br>Defendants. | CASE NO. CV-F-07-1337 LJO SMS<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I. Introduction

Defendants County of Kern, Sheriff Donny Youngblood ("Sheriff Youngblood"), Deputy Sean Pratt, and Deputy Jason Nelson (collectively "Defendants") move to dismiss this 42 U.S.C. §1983 ("Section 1983") and wrongful death action on the basis that: (1) the first amended complaint ("FAC") does not comply with this Court's November 8, 2007 order; (2) Plaintiff Chang Heum Lee ("Mr. Lee") lacks standing; (3) Mr. Lee failed to join indispensable parties; and (4) a public entity cannot be held liable for common law negligence. Further, Defendants seek a more definite statement, pursuant to Fed. R. Civ. P. 12(e), to set forth "specific, nonconclusory factual allegations" identifying the basis for qualified immunity. Rather than oppose the motion, Mr. Lee filed a second amended complaint ("SAC"). For the reasons set forth below, this Court grants Defendants' motion to dismiss, denies Defendants' Fed. R. Civ. P. 12(e) motion, and allows Mr. Lee to proceed on his SAC.

## II. Background

On December 24, 2006, Deputy Pratt and Deputy Nelson used deadly force while attempting to subdue and arrest Mr. Lee's son, Sigmun Lee ("decedent"). A complaint was filed on September 13, 2007, which named decedent and Mr. Lee as plaintiffs. This Court granted Defendants' motion to dismiss the complaint on November 8, 2007 amd granted Mr. Lee leave to amend. The Court directed

1 Mr. Lee not to include the decedent as a plaintiff and to allege proper standing.

2 Mr. Lee filed his FAC on November 6, 2007, two days prior to this Court's order. Mr. Lee re-filed the FAC on November 9, 2007. On November 19, 2007, Defendants moved to dismiss the FAC on the ground that, *inter alia*, the FAC failed to comply with this Court's November 8, 2007 order.

Mr. Lee did not oppose Defendants' motion to dismiss the FAC. Rather, on December 5, 2007, Mr. Lee filed an "Amended Document," which is the SAC. On December 7, 2007, Defendants filed a response, requesting this Court to grant their unopposed motion.

In the FAC, Mr. Lee asserts the following causes of action:

1. A violation of Fourth and Fourteenth Amendments, pursuant to Section 1983, against Deputy Pratt, Deputy Nelson, and the County;
2. A violation of "constitutional rights," pursuant to Section 1983, against the Sheriff and the County;
3. Wrongful death(negligence); and
4. Wrongful death (intentional).

Because Mr. Lee did not oppose the motion, he is not entitled to be heard at oral argument pursuant to this Court's Local Rule 78-230( c). Accordingly, this Court vacates the December 20, 2007. Having read and reviewed Defendants' motion and reply, and Mr. Lee's FAC and SAC, this Court issues the following order.

### III. ANALYSIS

**A.  Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976). In civil rights cases, the Court applies the basic "notice pleading" standards under Fed. R. Civ. P. 8(a)(2). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1162 (1993) (prohibiting district court from applying heightened pleading standard in civil rights cases alleging municipal liability under § 1983).

### B. Mr. Lee's Standing

In its November 8, 2007 order, this Court found that Mr. Lee lacked standing to assert a survivor claim pursuant Section 1983 and failed to file an affidavit, as required by Cal. Civ. P. Code § 377.32. (November 8, 2007 Order, pp, 2-4)  The Court granted leave to amend the complaint and directed Mr. Lee to allege standing properly and to include an affidavit as required by California law and a statement identifying any pretermitted heirs. (*Id*., p.5)

Mr. Lee failed to comply with this Court's November 8, 2007 order.  The FAC does not contain the Court-directed affidavit or statement, nor does Mr. Lee allege properly that he has standing to pursue a Section 1983 claim as a survivor.  Mr. Lee has not alleged that he is a successor-in-interest and has failed to acknowledge whether there are indispensable parties to this action.  Accordingly, Defendants' motion to dismiss is granted for failure to comply with this Court's order, failure to assert standing properly and failure to address whether there are indispensable parties not yet joined.

### C. Sheriff's Individual Capacity

Mr. Lee does not clarify whether Sheriff Youngblood is sued in his individual or official capacity, or both.  Defendants contend that to the extent Mr. Lee seeks to hold Sheriff Youngblood individually liable for the shooting death of decedent, Mr. Lee must allege that Sheriff Youngblood personally committed a constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

While Sheriff Youngblood may be sued in his official capacity through a *Monell* claim, *Kentucky v. Graham*, 473 U.S. 159 (1985), Mr. Lee would, indeed, need to allege that Sheriff Youngblood personally committed a constitutional violation to pursue an action against him in his individual capacity.  The FAC contains no allegations of any personal involvement by Sheriff Youngblood.  Accordingly, Mr. Lee may only pursue a claim against Sheriff Youngblood in his official capacity.  Any allegations against Sheriff Youngblood in his individual capacity are dismissed.

### D. Common Law Negligence Cause of Action

Defendants argue that the negligent wrongful death cause of action should be dismissed because: (1) the complaint exceeds the allegations of the Government Tort Claim originally filed and (2) Mr. Lee cannot pursue common law negligence against a public entity.  As discussed more fully below, Mr. Lee did not oppose this motion and withdrew this cause of action in the SAC.  Accordingly, Defendants'

motion to dismiss the negligent wrongful death cause of action with prejudice is granted.

### E.     More Definite Statement

Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendants request that this Court require Mr. Lee "to provide a more definite statement which includes 'specific, nonconclusory' factual allegations that will allow the Court to determine the issue of County Defendants' qualified immunity." Pursuant to Fed. R. Civ. P. 12(e), "A party may move for a more definite statement of a pleading...which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion...must point out the defects complained of and the details desired."

In this motion, Defendants do not point out the defects of the complaint, nor the specific details desired. Although they present law on qualified immunity, Defendants do not direct this Court to allegations of the complaint they allege to be "so vague or ambiguous" that they "cannot reasonably prepare a response." Instead, Defendants make a vague request for allegations "that will allow the Court to determine the issue." Mr. Lee alleges several Constitutional violations by Defendants in two causes of action, which are consistent with the "notice" requirement of Fed. R. Civ. P. 8. Because Defendants fail to identify which defects, if any, exist in the FAC, this Court denies the motion for more definite statement.

### F.     Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a)(1), Mr. Lee may amend his pleading once "as a matter of course." Mr. Lee amended his complaint and filed his FAC twice. Mr. Lee's attempt to file the SAC, however, violates Fed. R. Civ. P. 15(a)(2) which holds, "a party may amend its pleading only with the opposing party's written consent or the court's leave." No signed consent from the opposing party was submitted and Mr. Lee did not seek leave of this Court to file the SAC. Therefore, the SAC is not in compliance with the Federal Rules. The Court may strike the SAC and dismiss this action for lack of standing and failure to comply with this Court's order.[1]

---

[1] The Court notes that Mr. Lee is establishing a pattern of non-compliance with both the Federal Rules and this Court's Local Rules. The original complaint was non-compliant, as discussed in this Court's previous order, and the SAC was filed without this Court's leave. Additionally, Mr. Lee ignored this Court's November 8, 2007 order. Any further violation of the Federal or Local Rules, or violation of this Court's order, WILL result in an Order to Show Cause why this case should not be dismissed and/or why sanctions should not be imposed.

4

For the sake of judicial economy, however, this Court will not strike the SAC. Although Mr. Lee did not request leave to amend the FAC, his amended document addresses Defendants' arguments contained in the instant motion. For example, the SAC: (1) contains an affidavit in compliance with this Court's November 8, 2007 order, thereby curing the standing defect; (2) names Sheriff Youngblood in his official capacity only; and (3) does not include a negligent wrongful death action. In its previous order, this Court granted Mr. Lee leave to amend and considers that had Mr. Lee requested it, "the court should freely give leave." Fed. R. Civ. P. 15(a)(2). Additionally, although Defendants were notified of the SAC, they did not address Mr. Lee's attempt to cure the defects, did not raise the non-compliance issue, and did not request that this Court strike the SAC. Therefore, this Court grants Mr. Lee leave to amend the FAC, grants Mr. Lee leave to file the SAC, and orders the SAC shall be deemed filed as of the date of this order.

### IV. CONCLUSION

For the foregoing reasons, this Court orders:

1. Defendants' motion to dismiss the complaint is GRANTED;
2. Defendants' motion for a more definite statement is DENIED;
3. The Second Amended Complaint (Doc. 17) shall be considered filed as of the date of this order;
4. Defendants shall respond to the SAC in accordance with Fed. R. Civ. P.12(a);
5. The December 20, 2007 hearing is VACATED; and
6. The clerk is DIRECTED to terminate Sigmun Lee (Deceased) as a plaintiff.

IT IS SO ORDERED.

Dated:   **December 11, 2007**             /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE