IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG HEUM LEE, HEE JIM JANG, individually and as successors in interest to the ESTATE OF SIGMUN LEE (DECEASED),<br><br>        Plaintiffs,<br><br>   vs.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | 1:07cv01337 LJO DLB<br><br>ORDER AWARDING EXPENSES<br>(Document 42) |

On April 3, 2009, Defendants County of Kern, Sean Pratt, Jason Nelson, and Donny Youngblood ("Defendants") filed a motion to compel Plaintiff Chang Heum Lee to respond to interrogatories and requests for production of documents. Plaintiff did not file an opposition to the motion. The Court deemed the matter suitable for decision without oral argument and vacated the hearing.

On May 18, 2009, the Court issued an order granting Defendants' motion to compel and requiring Plaintiff to provide discovery responses within 20 days. The order also directed Plaintiff to submit in writing any reason why the Court should not award Defendants expenses pursuant to Fed. R. Civ. P. 37(a)(5). Defendants would have an opportunity to reply and to submit an affidavit of expenses.

On May 22, 2009, Plaintiff filed a written response to the Court's order.

1

On May 27, 2009, Defendants filed a reply and an affidavit of expenses.

**Discussion**

Pursuant to Fed. R. Civ. P. 37(a)(5), if the motion to compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5).

Here, Plaintiff requests that no expenses be awarded because she "always agreed to provide discovery responses but because of settlement discussions, has not yet done so."  Response, p. 2. Plaintiff explains that at the time Defendants filed their Motion to Compel, the parties were engaged in settlement negotiations and "are very close to settling the case."  Id. at 3.  Plaintiff "mistakenly" did not file an opposition to the motion or produce documents because she expected the matter would be resolved.  Id.  Plaintiff asks that the Court refrain from issuing an order until after May 29, 2009.

Defendants counter that no settlement has been reached and that they are unaware of any impending resolution of this action.  Defendants further indicate that materials received from Plaintiffs after the Court's order raise an issue regarding the identity of decedent's mother, a reportedly indispensable party to this action, which will delay any resolution.  Defendants assert that the ordered discovery will be essential to any motion for summary judgment that they file.

Despite assertions by Plaintiff that the matter will settle very quickly, to date there has been no notice of settlement, stipulation of dismissal or other document filed with the Court indicating that the action has been resolved.  There also has been no indication to the Court that Plaintiff has responded to the requested discovery.  Accordingly, an award of attorneys' fees is appropriate pursuant to Fed. R. Civ. P. 37(a)(5).

 In his affidavit of expenses, submitted on May 27, 2009, defense counsel Andrew Thomson explains that the Office of Kern County Counsel employs a Cost Allocation System through which it recovers costs and fees from various represented County Departments and/or through cost recovery from a "self-insured retention account," which is a general fund account with funding allocated for

2

1  the defense of risk-management self insured litigation.  County counsel requires litigation
2  professionals, both attorneys and paralegals, to submit hourly billing in order to document the time
3  spent on, and the cost allocated to, each case.  Thomson Affidavit, ¶ 3.  Mr. Thomson indicates that
4  his current rate is $ 140.00 per hour, but at the time of the filing the motion to compel, his rate was
5  $133.00 per hour.  Id. at ¶¶ 3-4.  Mr. Thomson declares that he and a paralegal expended an
6  allocatable amount of $2,830.40 in the pursuit of discovery responses.  Id. at ¶ 11.

7    The Court declines to award the full amount of $2,830.40, finding that it includes time spent
8  not only preparing the motion to compel, but also time spent prior to filing the instant motion.  Id. at
9  ¶¶ 6, 8.  Based on the affidavit, defense counsel spent 10.4 hours at a rate of $133.00 per hour
10 preparing the motion to compel for a total of $1,383.20.  Id. at ¶ 7.  Therefore, Plaintiff Change
11 Heum Lee and Plaintiff's counsel SHALL pay $1,383.20 to the Office of Kern County Counsel
12 within 45 days of the date of this order.

14    IT IS SO ORDERED.
15    Dated:   **June 8, 2009**         **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

3